IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| AUSTIN COLE ANTOINE,<br>    *Plaintiff*,<br><br>v.<br><br>BRIAN SILVA, VEGA OILFIELD, LLC, HALLIBURTON ENERGY SERVICES, and DOUBLE P. TRUCKING, LLC,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§    PE-24-CV-00030-DC-DF<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Defendants' Joint Opposed Motion to Dismiss for Failure to Prosecute. (Docs. 48). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration and a hearing, the Court recommends Defendants' Motion to Dismiss be **DENIED**. (Doc. 48).

### I.    Background

This case arises from a motor vehicle accident on July 9, 2022, in Reeves County, Texas. (Doc. 7 at 3). Plaintiff Austin Cole Antoine ("Plaintiff") filed the case on June 26, 2024. (Doc. 1). A Scheduling Order pursuant to Federal Rule of Civil Procedure 16 was entered on December 19, 2024. (Doc. 27). The Scheduling Order required Plaintiff to submit a written settlement offer to Defendants Brian Silva ("Silva"), Vega Oilfield, LLC ("Vega"), Halliburton Energy Services ("Halliburton"), and Double P.

Trucking ("Double P"), LLC (collectively, "Defendants") on or before February 4, 2025. *Id.* at 1. Plaintiff was also ordered to designate his testifying experts and serve all materials required by Rule 26(a)(2)(B) on or before April 11, 2025. *Id.* When Plaintiff failed to meet the first deadline, the Parties filed an Agreed Motion to Modify Scheduling Order, extending Plaintiff's written settlement offer deadline to March 25, 2025. (Doc. 37). All other deadlines remained the same.

On April 25, 2025, Defendants Silva, Double P, and Halliburton moved to dismiss for failure to prosecute. (Doc. 48). Defendant Vega joined the Motion on May 5, 2025. (Doc. 52). According to Defendants, Plaintiff missed both deadlines above, including the extended written settlement offer deadline. (Doc. 48 at 2). Attached to Defendants' Motion are copious email records spanning from December 2024 to April 2025. (Docs. 48-1, 48-2, 48-3, 48-4, 48-5, 48-6, 48-7, 48-8). The email records show Defendants frequently reminded Plaintiff of the missed deadlines and repeatedly asked Plaintiff to comply with the Scheduling Order. *See generally id.* With two exceptions, Plaintiff responded to Defendants' emails. (Doc. 48 at 10 n.30). At the time this Motion was filed, Plaintiff also produced, albeit considerably late, at least one written settlement offer to Defendants Silva and Double P; discovery responses to Halliburton; disclosures, but not discovery responses, to Vega; and discovery responses to Silva. (Doc. 48 at 5–6). Lastly, Plaintiff timely responded to Defendants' Motion. (Doc. 49).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), a district court may, on a defendant's motion, dismiss an action for failure to prosecute or comply with any court

2

order. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). When warranted, dismissal for want of prosecution "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). Yet "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. Werner Holdings Co.*, No. 5-18-CV-00977, 2019 WL 2515315, at *3 (W.D. Tex. June 18, 2019) (citing *Brown v. King*, 250 F. App'x 28, 29 (5th Cir. 2007)). As is the case here. Plaintiff asserts claims for vicarious liability, negligence, and gross negligence arising from the motor vehicle collision on July 9, 2022. (Doc. 7). Under Texas law, the statute of limitations for negligence is two years. *Garces v. City of San Antonio*, No. SA-25-CV-001277, 2025 WL 980104, at *2 (W.D. Tex. Mar. 6, 2025); TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Applying the narrower scope of discretion, dismissal is warranted only if (1) there is a clear record of delay or contumacious conduct by Plaintiff and (2) lesser sanctions would not serve the interests of justice by promoting diligent prosecution, or where lesser sanctions have been employed but were futile. *Id.* (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)). Both elements must be present. *Coleman*, 745 F.3d at 766. Most courts also find at least one aggravating factor present: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1986).

3

Rule 16(f) likewise allows the Court to impose sanctions for failure "to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference." The same criteria to evaluate a dismissal under Rule 41(b) applies in a Rule 16(f) case. *Price*, 792 F.2d at 474 (citing *Callip v. Harris Cnty Child Welfare Dept.*, 757 F.2d 1513, 1518–19 (5th Cir. 1985)). Defendants seek dismissal under both Rule 16(f) and Rule 41(b). (Doc. 48 at 7). Here, dismissal is not warranted under both Rule 16(f) and 41(b).

### III. ANALYSIS

**A. Clear Record of Delay or Contumacious Conduct**

First, while Plaintiff's actions have caused delay, it is not the sort of delay that warrants dismissal with prejudice. Courts generally tolerate short delays in cases. *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005). Problems arise when those short delays transition into "significant periods of total inactivity." *Morris v. Ocean Systs. Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (finding conduct not to present the 'significant periods of total inactivity' that have been held to constitute a clear record of delay" (quoting *Ramsey v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976))). "Significant periods of total inactivity" constitutes a delay more than a few months. *McNeal v. Papason*, 842 F.3d 787, 791 (5th Cir. 1988). And, here, there are no periods of total inactivity.

The record does not show months of inactivity. Trouble starts in January 2023—about four months before Defendants moved to Dismiss. (Doc. 27). Plaintiff's initial disclosures were due on January 3, 2025. Plaintiff missed this deadline, and every deadline thereafter. In fact, since January 2025, Plaintiff has met only one deadline—his

4

response deadline to Defendants' Motion to Dismiss. (*See* Doc. 49). And yet, due to Defendants' continuous prompting, Plaintiff filed, albeit late and poorly organized, his initial disclosures, sent at least one written settlement offer, and designated expert witnesses.[1] (Doc. 48 at 4 n.13, 7–8). Thus, the record does not show significant periods of inactivity. *See Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) ("Generally, where a plaintiff has failed to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice."); *see also Valdez v. Esparaza*, No. EP-22-CV-00175, 2022 WL 2712862, at *3 (W.D. Tex. July 13, 2022) (finding nine months of inactivity and then two months of inactivity after a court order to be significant periods of inactivity"). But the Court pauses to wonder if, without Defendants consistent intervention, the record in this case would reflect months of inactivity.

Even without clear record of delay, however, contumacious conduct satisfies the first prong for dismissal. *McNeal*, 842 F.2d at 791. "Contumacious means a willful disobedience of a court order." *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020). "[N]egligence—regardless of how careless, inconsiderate, or understandably exasperating—" does not make conduct contumacious; "it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal*, 842 F.2d at 792 (quoting *John v. Louisiana*, 828 F.2d 1129, 1131–32 (5th Cir. 1987)). Although Plaintiff's behavior is negligent and improper, the Court is

---

1. Plaintiff designated his expert witnesses late and without leave while the Motion to Dismiss was pending. (Doc. 54). Defendants moved to strike the late designation. *Id.* At the hearing on June 6, 2025, the Court orally denied Defendants' Motion to Strike. (Doc. 63).

not convinced it rises to the level of intentional misconduct needed for dismissal. *See McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556–58 (5th Cir. 1981) (finding no clear record of delay or contumacious conduct where counsel failed to comply with scheduling order and other pretrial orders); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 384–85 (5th Cir. 1978) (finding no clear record of delay or contumacious conduct where counsel failed to comply with nine deadlines imposed by the rules of civil procedure or by court order). Plaintiff has communicated with Defendants and appeared at the Court ordered hearing on June 6, 2025. (Docs. 48, 63). The record also suggests Plaintiff's counsel, rather than the Plaintiff, is the reason for delay. (Doc. 49 at 1). Generally, the Fifth Circuit upholds involuntary dismissals when the delay is caused by Plaintiff himself, not his attorney. *Urteaga v. Lowe's Home Ctr.*, No. 12-CV-058, 2014 WL 12597818, at *2 (N.D. Tex. Feb. 7, 2014) (citing *Berry*, 975 F.2d at 1191). As such, involuntary dismissal is not appropriate.[2]

### B. Lesser Sanctions Best Serve the Interest of Justice

Even assuming a clear record of delay or contumacious conduct exists, the Court must determine lesser sanctions would not best serve the interest of justice. *Callip*, 757 at 1519. Defendants contend "the Court and Defendants have given Plaintiff" many chances to comply, and this shows lesser sanctions would prove ineffective.

---

2. Because prong one is unsatisfied, the Court need not address the aggregating factors. That said, the factors weigh against dismissal. As touched on above, the delay is attributable to Plaintiff's counsel rather than Plaintiff himself. And while the delays have no doubt frustrated Defendants' preparation, this case is still in its early stages. Discovery does not conclude for nearly three months, and trial is set for February 2026. Finally, the Court does not conclude any intentional conduct caused the delay. The factors therefore weigh against dismissal with prejudice.

(Doc. 48 at 9–10). The Court disagrees. Between entry of the Scheduling Order and the filing of this Motion to Dismiss, the Court did not issue any warnings or impose lesser sanctions. *See Callip*, 757 at 1522 (finding a record of ignored warnings and lesser sanctions before dismissal on which the district court concluded the plaintiff would further default); *Jones v. Travelcenters of Am.*, No. SA-21-CV-00054, 2022 WL 138693, at *3 (W.D. Tex. Jan. 14, 2022) (dismissing with prejudice where the plaintiff ignored one warning and failed to respond to a show cause order). After the Motion was filed, Plaintiff was ordered to appear in person for a hearing and warned failure to appear may result in dismissal under Rule 41(b). (Doc. 55). Plaintiff appeared as ordered. The Court therefore finds lesser sanctions, rather than involuntary dismissal with prejudice, appropriate. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (admonishing the district court for not imposing lesser sanctions for a party's failure to comply with pre-trial order); *see Berry v. BorgWarner*, 291 F. App'x 592, 594 (5th Cir. 2008) (finding a district court issued lesser sanctions before dismissal when it granted three extensions with warnings that failure to meet the extension would result in dismissal with prejudice).

In sum, the Court does not yet find a clear record of delay or continuous conduct sufficient for dismissal with prejudice under Rule 41(b). And even if clear delay or continuous conduct was found, lesser sanctions as opposed to dismissal with prejudice is appropriate here.

## IV. RECOMMENDATION

As discussed above, the Court **RECOMMENDS** Defendants' Motion to Dismiss for Want of Prosecution be **DENIED**. (Doc. 48). The Court further **WARNS** Plaintiff that any further failure to adhere to the Scheduling Order, the Federal and Local Rules, or any Court orders will result in **DISMISSAL WITH PREJUDICE**.

SIGNED this 10th day of June, 2025.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation <u>**by certified mail, return receipt requested**</u>. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).