IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| AUSTIN COLE ANTOINE,<br>   *Plaintiff,*<br><br>v.<br><br>BRIAN SILVA, VEGA OILFIELD, LLC, HALLIBURTON ENERGY SERVICES, and DOUBLE P. TRUCKING, LLC,<br>   *Defendants.* | §§§§§§§§§§§§ | P:24-CV-00030-DC |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge David B. Fannin (Doc. 64) concerning Defendants' Joint Motion to Dismiss for Want of Prosecution (Doc. 48). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Fannin issued his report and recommendation on June 10, 2025 (*Id.*). As of the date of this Order, neither party has filed objections.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has filed timely objections, the Court reviews the report and recommendation for clear error, finding none.

This case stems from a motor vehicle collision in Reeves County, Texas, and concerns claims of negligence and vicarious liability. Along the way, it has also raised questions about what it means to prosecute a case with diligence—and what should happen when a party fails to do so.

The Report recommends that the Motion to Dismiss for Want of Prosecution (Doc. 48) be denied. Having reviewed the report, the parties' submissions, and the applicable law, the Court agrees. And it **ADOPTS** the Magistrate Judge's recommendation in full.

Yes, Plaintiff's conduct has been problematic. He has blown past multiple deadlines—including one that had already been extended. His disclosures and discovery responses came late, and in a less than polished manner. *See* Doc. 64 (discussing Plaintiff's "disclosures, but not discovery responses, to Vega"). But this is not yet a case of months of radio silence or "contumacious conduct." *See McNeal v. Papason*, 842 F.3d 787, 791 (5th Cir. 1988); *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020). It is not a case where the plaintiff has disappeared. Nor is it a case where a litigant stubbornly defied court orders with knowing disregard. *In re Deepwater Horizon*, 805 F. App'x at 265 ("[c]ontumacious means a willful disobedience of a court order."); *McNeal*, 842 F.2d at 792 ((("stubborn resistance to authority" constitutes contumacious conduct) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131–32 (5th Cir. 1987))). It is, rather, a case of repeated, but not quite yet protracted, delay and evident disorganization—maddening, perhaps, but not yet disqualifying.

But even assuming that the record might support a record of delay or contumacious conduct, the law doesn't leap straight to the harshest remedy. It asks courts to pause and

first consider whether something short of dismissal might do the job. And here, a lesser sanction—indeed, this very warning—fits that bill.

That said, Plaintiff is on notice. This case is still in early stages, and the Court fully expects the parties—*all* of them—to move forward in compliance with the Scheduling Order, the Federal Rules, and this Court's directives. Should Plaintiff—or his counsel—stumble again, the calculus may well change.

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation of the United States Magistrate Judge (Doc. 64) is **ADOPTED** in its entirety.

2. Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 48) is **DENIED**.

Again, Plaintiff is warned that further failure to comply with court orders or applicable rules may result in dismissal.

It is so **ORDERED**.

**SIGNED this 29th day of June, 2025.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**